United States District Court
for the
Southern District of Florida

| | |
|---|---|
| 645 West 44th Street Associates, Plaintiff | ) ) ) |
| v. | ) ) Civil Action No. 13-61475-Civ-Scola ) |
| Richard F. Koch and Richard F. Koch d/b/a Koch Realty Co., Defendant | ) ) ) ) |

**Order On Defendant's Motion To Dismiss**

The Plaintiff, 645 West 44th Street Associates, filed this lawsuit on July 8, 2013, "to turn . . . foreign judgments . . . into a judgment of this Court pursuant to 28 U.S.C. § 1738, so that they may be enforced as a federal judgment in the . . . Southern District of Florida." (Third Am. Compl. ¶6, ECF No. 23.) According to the Third Amended Complaint, a New York state court entered a monetary judgment against the Defendant, Richard F. Koch, and in favor of Marine Midland Bank in October 1993. (*Id.* ¶4.)[1] The judgment was later assigned to 645 West. 645 West renewed the judgment in June 2008, and recorded the judgment in Broward County, Florida in July 2008. (*Id.*)  Count 1 of the Third Amended Complaint seeks to enforce the October-1993-renewed-in-June-2008 judgment, against Koch.

In June 2011, 645 West brought another action in a New York state court "to enforce the judgments." (*Id.* ¶5.) In September 2012, the New York state court entered a judgment against Koch and another individual, Helen Elkin. (*Id.*) Count 2 of the Third Amended Complaint seeks to enforce the September-2012 judgment.

Koch responded to the lawsuit by filing a motion to dismiss. Koch argues that Count 1 is barred by Florida's statute of limitations because 645 West waited more than 5 years to file an "independent action" on the foreign judgment. (Mot. Dismiss 1, ECF No. 30.) Alternatively, Koch argues that New York law contains a 20-year statute of repose to enforce a judgment that cannot be extended. (*Id.* 3.) Finally, Koch argues that the Court should dismiss Count 2 because the September-2012 judgment was not entered against him, but against his ex-wife, Elkin. (*Id.* 4.)  645 West has responded, disputing Koch's analysis and

---

[1] The Court accepts the facts, as plead, in the Third Amended Complaint. *Cf. Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998) ("In evaluating the sufficiency of a complaint, a court must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff.").

conclusion regarding Count 1. But 645 West has "withdrawn" Count 2. (Notice Withdrawal Count II, ECF No. 39.)

### A. New York State of Limitations

Under New York law, a judgment is valid for 20 years. N.Y. C.L.P.R. 211(b) (McKinney 2014) ("A money judgment is presumed to be paid and satisfied after the expiration of twenty years."). But New York law also provides that a judgment creditor may reset the 20-year-validity period by renewing the judgment. *In re Vinieris*, 391 B.R. 707, 713 (Bankr. S.D.N.Y. 2008); *see also* N.Y. C.L.P.R. 5014 (McKinney 2014).

In this case, 645 West alleges that the initial judgment against Koch was entered in October 1993, and that 645 West renewed that judgment in June 2008. Under New York law, the renewed judgment is valid until June 2028. *See In re Vinieris*, 391 B.R. 713. Koch argues that "New York law allows a judgment, even one renewed, to be enforced for only 20 years from the date of its original execution." (Mot. Dismiss 3, ECF No. 30). That is not the law. While it is true that New York law presumes that a judgment has been satisfied 20 years after it was entered, New York law also permits a creditor to renew a judgment, resetting the 20-year-life cycle. *See In re Vinieris*, 391 B.R. 713; *First Nat. Bank of Long Island v. Brooks*, 781 N.Y.S.2d 624 (Table), (N.Y.Dist.Ct. Sept. 22, 2003) (explaining that a judgment creditor who renews his or her judgment under N.Y. C.L.P.R. 5014 (McKinney 2014) obtains a "new 20-year judgment").

### B. Florida Statute of Limitations

Under Florida law, there are 2 methods to enforce a foreign judgment.[2] *In re Goodwin*, 325 B.R. 328, 330 (Bankr. M.D. Fla. 2005). The first is a "traditional common law action to enforce a judgment." *Id.* The second way is to domesticate a foreign judgment through the Florida Enforcement of Foreign Judgments Act. *Id.* A claim seeking to enforce a foreign judgment under the traditional common law action is subject to a 5-year statute of limitations. *See Le Credit Lyonnais, S.A. v. Nadd*, 741 So. 2d 1165, 1169 (Fla. 5th DCA 1999) (commenting that "the five-year statute remains as a bar to suits brought under the common law mode of enforcement"); Fla. Stat. § 95.11(2)(a) (2013); *see also Caiazza v. Tuff Realty Corp.*, 805 So. 2d 29, 30 (Fla. 5th DCA 2001). A domesticated foreign judgment is subject to a 20-year statute of limitations. *In re Goodwin*, 325 B.R. at 333; Fla. Stat. § 95.11(1) (2013).

In this case, it is unclear whether 645 West is proceeding under the common law method of enforcing a judgment, or if it is proceeding under the Florida Enforcement of Foreign Judgments Act. The Third Amended Complaint

---

[2] As used in this context, the term *foreign judgment* means a judgment or order of a court in the United States, but in a state other than Florida. *See* Fla. Stat. § 55.502(1) (2013).

alleges that 645 West recorded the October-1993-renewed-in-June-2008 judgment in state court in Broward County, Florida on July 25, 2008. But 645 West does not allege that it complied with any of the prerequisites required to enforce a domesticated judgment—namely, simultaneously recording an affidavit containing the parties' names, and addresses, and delivering notice of the recorded foreign judgment to Koch (by either the clerk of the court or by 645 West). *See* Fla. Stat. § 55.505 (2014). More to the point, if 645 West intended to collect on a domesticated foreign judgment under the Florida Enforcement of Foreign Judgments Act, there would be no need to have even filed this lawsuit. *See Cutler v. Harrison*, 792 So. 2d 574, 575 (Fla. 3d DCA 2001) (explaining that the Florida Enforcement of Foreign Judgments Act contemplates that a judgment creditor file the judgment in Florida, "without the necessity of filing a lawsuit.").

Given this ambiguity, the Court is unable to make a determination as to whether the statute of limitations bars this case. Since 645 West has withdrawn, or voluntarily dismissed, Count 2, the only judgment it is now seeking to enforce is the October-1993-renewed-in-June-2008 judgment. The statute of limitations, under the common-law method of enforcement expired in June 2013—a month before 645 West filed this lawsuit. If 645 West is proceeding under the Florida Enforcement of Foreign Judgments Act, it then enjoys a 20-year statute of limitations, which has not yet expired. But, if that is the case, why did 645 West file this lawsuit in the first place? In either event, it appears that this case has reached the end of the road in this Court.

### C. Conclusion

As explained in this Order, the Court is unsure what cause of action 645 West is asserting in its Third Amended Complaint. Consequently, the court is unable to make a determination as to whether this case is barred by the statute of limitations, as argued by Koch.

Having considered the Motion, the record, and the relevant legal authorities, it is **ordered** that the Motion to Dismiss (ECF No. 30) is **denied**. The Court **dismisses** the Third Amended Complaint without prejudice. Any amended pleading must be filed by **April 30, 2014**, and must expressly state what cause of action it is pursuing, in other words which method of enforcing the foreign judgment it is traveling under.

**Done and ordered**, in chambers at Miami, Florida, on April 24, 2014.

_____
Robert N. Scola, Jr.
United States District Judge